[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from a decision of The Board of Review (Record Item 11) affirming a determination of an appeals referee (Record Item 10) who in turn had affirmed a decision by the administrator denying unemployment benefits to the claimant (see Record Appeals Packet Transmittal dated 5/21/91). The grounds for the denial of benefits was based upon the claimant's voluntary leaving of suitable work without sufficient job connected cause.
By way of background, this claimant had worked for her employer from February 1991 until she left on April 25, 1991. It was on the latter date, according to her written statement, that her supervisor complained about the quality of her work and delivered a couple of Billingsgate-type remarks to her to which she took offense. She registered no complaints to any representative of the employer, but simply failed to return to work after her lunch hour. It is her claim that such verbal abuse as she reports was sufficient reason for her to leave her CT Page 4662 employment and, upon filing for benefits, to receive unemployment compensation.
The role of the court in cases such as this is very limited. The court cannot retry the matter de novo nor adjudicate questions of fact substituting its judgment for those of the appeals referee or the board of review. Guevara v. Administrator, 122 Conn. 492. "It is the function of the court to determine on the record" whether there is a logical and rational basis "or the decision of the (Board) or whether, in the light of the evidence (The Board) has acted illegally or in abuse of its discretion." Cervantes v. Administrator, 177 Conn. 132,134.
Conclusions of law that are reached by the Board of Review must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. Robinson v. Unemployment Security Board of Review,181 Conn. 1, 4-5.
Section 31-236-22 Regulations, Conn. Agencies provides that the administrator must find, with respect to working conditions as the relate to this claim (H), the individual was subjected to continual physical or verbal abuse by a fellow employee or (I) continual physical or verbal abuse or unfair treatment by his supervisor.
The administrator determined this single incident did not constitute a requisite basis for determining that the claimant left her employment for sufficient cause.
There is support in the record for this determination and accordingly the appeal is dismissed.
George, W. Ripley, Judge